WEAVER, J.
(concurring). I concur in the order denying leave to appeal in this case. I write separately to provide important background information concerning the defendant’s repeated attempts to avoid producing his personal notes.[1]
*1076 Plaintiffs are former law professors at defendant Ave Maria School of Law. Plaintiffs claim that their employment was wrongfully terminated at Ave Maria in 2007 because they reported violations or suspected violations of law by Ave Maria. Plaintiffs brought suit against Ave Maria and others, including Thomas S. Monaghan, who is the chairperson of both the Ave Maria Board of Governors and the Ave Maria Foundation.
At the outset, the public should be made aware of the fact that defendant Monaghan’s attempts to avoid the production of these personal notes have a long history. Plaintiffs first filed suit against the defendant, among others, in October 2007. On March 10, 2008, plaintiffs served document requests on the defendant’s attorneys. Of particular importance to this appeal was plaintiffs’ document Request 16, which asked the defendant to produce
[a]ll slips, note cards, index cards, or other paper format that Thomas S. Monaghan [defendant] carried on his person and/or used to log or record his thoughts and/or to record, as they occur to him, tasks, reminders, “to do” items, creative ideas or agenda items for himself or others. Mr. Monaghan made use of such writing during his taped deposition in this action, and on information and belief, makes the use of such writings part of his daily work practice and has kept the originals or transcriptions of such documents for decades. Such request is limited to documents or portions of documents that relate to any matter raised in this litigation, including, without limitation, any material relating to any party in this action as well as any matter whatsoever involving AMSL [Ave Maria School of Law], AMU [Ave Maria University], AMC [Ave Maria College] or his investments or other interests in Florida. [Emphasis added.]
The italicized language above limits the request for production to only those documents pertaining to the lawsuit; however, it appears that the defendant attempted to avoid or at least delay the production of the documents on the ground that the request was “overbroad” and “unduly burdensome” when, in fact, the request was appropriately limited to only those documents pertaining to the lawsuit. It is also pertinent that defendant Monaghan evidently failed to disclose that he possessed documents that might pertain to the lawsuit, specifically defendant’s personal notes recorded on yellow legal pads. Indeed, defendant’s own attorneys were apparently not aware of the existence of these personal notes at the time of the May 21, 2008, court hearing.
On May 21, 2008, the trial court held a hearing on defendant Monaghan’s motion for a protective order and plaintiffs’ motion to compel. In its bench ruhng, the court stated, “The Court’s ruhng on that whole group of things is, that any reminder notes regarding the law school shall be produced.” The defendant asserts that because the yellow legal pads were not specifically mentioned in the court’s bench ruhng, the ruling was limited to the orange travel itineraries. Although the ruhng is apparently ambiguous, there is no question that the trial judge’s August *1077 27, 2008, memorialization of her May 21,2008, bench ruling pertained to all documents he they orange, green, or yellow:
IT IS FURTHER ORDERED that defendant Monaghan shall produce documents responsive to Request 16, which may be limited to documents regarding the Ave Maria School of Law, its faculty/staff, named parties to the matter, and/or the move to Florida.
Yet even after this order for production was entered on August 27, 2008, the defendant managed to stall production of the documents further by objecting to how to produce them. Thus, there were hearings on these discovery motions on October 1, November 12, and December 17, 2008.
The trial court’s November 14, 2008, order, relating back to the hearings on October 1 and November 12, explicitly detailed what was required of the defendant and read, in part as follows:
A. Defendant Monaghan shall comply with the Court’s order of August 27, 2008, and produce to plaintiffs’ counsel by producing copies of all notes, of any description and/or date, which might reasonably contain matters (a) responsive to the plaintiffs’ “Request 16,” to which that Order refers, and (b) which pertain to the Ave Maria School of Law, its faculty/staff, named parties to this matter and/or the move to Florida. Defendant shall produce any documents that are responsive to Request 16... without regard to whether the document is an itinerary, included in a spiral-bound notebook, part of a legal or other pad of paper or loose, and without regard to the color of the paper. [Emphasis added.]
Rather than comply with the trial court’s November 14 order, defendant Monaghan filed a motion on November 21, to stay the effect of the November 14 order while he pursued an application for leave to file an interlocutory appeal in the Court of Appeals. The hearing on the defendant’s motion to stay was held on December 17 and the trial judge warned the defendant that if he did not produce the documents within seven days, she would hold him in contempt of court and order sanctions of $2,500.
On December 23, the Court of Appeals stayed the trial court proceedings until the resolution of the defendant’s appeal and, on December 29, the Court of Appeals lifted the stay and denied the defendant’s application for leave to appeal. The defendant filed an application for leave to appeal the Court of Appeals order less than a week later, on January 2, 2009, nearly nine months after plaintiffs made their request for all documents pertaining to the lawsuit.
In light of the history of plaintiffs’ repeated attempts to obtain copies of defendant’s relevant personal notes, the trial judge did not abuse her discretion in issuing the November 14, 2008, order. Over the course of eight months, defendant did not produce documents in response to plaintiffs’ requests. Even after the trial corut issued the order on August *1078 27, 2008, defendant did not offer to produce the relevant notes on yellow legal pads, but contended that the production of those notes had not been ordered.
While it is understandable why defendant does not want to produce notes revealing his private thoughts on subjects unrelated to this lawsuit, some of his notes might be relevant to this lawsuit. To the extent any of those notes are relevant, he should have produced them long before the hearing on October 1, 2008.
Thus, in light of defendant Monaghan’s failure to produce the relevant notes voluntarily, the trial judge was justified in taking action to force him to do so. As noted by the judge on page five of the November 14, 2008, order: “These documents . .. should have been produced without objection months ago — many months ago . . . .” Thus, because the trial judge did not abuse her discretion in issuing the November 14, 2008, order, I concur in the order denying defendants’ application for leave to appeal.

 I note further that the dissent improperly insinuates that the issue concerning the request for production of documents in this case is also an issue that should be addressed in the companion case of Safranek v Monaghan, Docket No. 138055.